FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 30 2010

JAMES W. McCORMACK, CLERK
By: _____
                                   DEP CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| CREWS & ASSOCIATES, INC., an Arkansas corporation. | PLAINTIFF |
| VERSUS | CASE NO. 4:10 cv 1098 GTE |
| NUVEEN HIGH YIELD MUNICIPAL BOND FUND, a series of the Nuveen Municipal Trust, a Massachusetts business trust; NUVEEN MUNICIPAL HIGH INCOME OPPORTUNITY FUND, a Massachusetts business trust; NUVEEN CALIFORNIA HIGH YIELD MUNICIPAL BOND FUND, a series of Nuveen Multistate Trust II, a Massachusetts business trust; NUVEEN PREFERRED SECURITIES FUND, a series of the Nuveen Investment Trust V, a Massachusetts business trust; and PACIFIC SPECIALTY INSURANCE COMPANY, a California insurance company. | This case assigned to District Judge Eisele and to Magistrate Judge Volpe  DEFENDANTS |

## COMPLAINT

The plaintiff, Crews & Associates, Inc. ("Crews"), by and through its undersigned counsel, respectfully alleges as follows:

### PARTIES

1.

Crews is a corporation organized under the laws of Arkansas with its principal place of business in Little Rock, Arkansas. Crews is an underwriting and investment banking firm.

2.

The defendant, Nuveen High Yield Municipal Bond Fund ("Nuveen High Yield Fund") is a series of the Nuveen Municipal Trust, both of which are organized under Massachusetts law with their principal places of business in Chicago, Illinois.

3.

The defendant, Nuveen Municipal High Income Opportunity Fund ("Nuveen Municipal") is a trust and a municipal bond mutual fund organized under Massachusetts law with its principal place of business in Chicago, Illinois.

4.

The defendant, Nuveen California High Yield Municipal Bond Fund ("Nuveen California") is a series of the Nuveen Multistate Trust II, both of which are organized under Massachusetts law with their principal places of business in Chicago, Illinois.

5.

The defendant, Nuveen Preferred Securities Fund ("Nuveen Preferred") is a series of the Nuveen Investment Trust V, both of which are organized under Massachusetts law with their principal places of business in Chicago, Illinois.

6.

The defendant, Pacific Specialty Insurance Company ("Pacific") is an insurance company operating in California with its principal place of business in Menlo Park, California.

## JURISDICTION AND VENUE

7.

This Court has federal question jurisdiction over this declaratory judgment action, pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 78aa. This Court also has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000. Additionally, the Court has supplemental jurisdiction under 28 U.S.C.A. § 1367.

8.

Venue is proper in this district under 15 U.S.C. § 78aa, and/or 28 U.S.C. § 1391(b).

## SUMMARY OF RELIEF SOUGHT

9.

Crews seeks a declaration that it has no liability to defendants under the Securities Exchange Act of 1934 ("Exchange Act") or any state blue sky law that defendants contend apply with respect to its role in the offering and sale to the Defendants of the: (a) Louisiana Local Government Environmental Facilities and Community Development Authority Tax-Exempt Revenue Bonds, Series 2006A and Series 2006B (the "Hotel Bonds"); (b) Taxable Notes, Carter Plantation Project, Series 2007 (the "Taxable Notes"); and (c) Carter Marina Community Development District Special Assessment Bonds, Series 2007 (the "Marina Bonds").

10.

Crews further seeks a declaration that it has no liability to any of the Defendants with respect to any obligations it may have under the: (a) Official Statement ("OS") for the Hotel Bonds; (b) Private Placement Memorandum ("PPM") for the Taxable Notes; and (c) Limited Offering Memorandum ("LOM") for the Marina Bonds.

## FACTS

11.

The action arises out of a golf community development project in Livingston Parish, Louisiana. The development, known as Carter Plantation, featured a signature golf course designed by champion golfer David Toms and was to be a Louisiana landmark.

12.

CP Land, LLC, a Louisiana limited liability company, was organized in 2001 for the purpose of acquiring land in Livingston Parish and developing Carter Plantation. The plans for the 550-acre community development included a golf course, residential areas, vacation villas, a club house/pavilion, hotel, and conference center.

13.

The financing and managing of the costs of Carter Plantation's infrastructure, construction, development, and improvements were to be accomplished largely through the formation of Community Development Districts, which would authorize and issue municipal bonds to be sold.

14.

The Nuveen High Yield Fund was involved in the Carter Plantation development from its early stages. It purchased $6,000,000 in bonds in 2004, which bonds were issued by the Carter Plantation Community Development District. The bonds were underwritten by Duncan-Williams, Inc., a Tennessee based broker and investment banking firm.

15.

In 2005, the Carter Plantation Community Development District issued $16,000,000 in bonds. Crews, which has an office in Baton Rouge, Louisiana, was brought into the project for the first time and acted as the underwriter for the 2005 bonds, which were also purchased by Nuveen.

16.

The Nuveen defendants were intimately familiar with the development's finances from this point forward.

17.

In connection with this 2005 underwriting, official statements were issued.

18.

Crews continued to act as an underwriter for the issuance of the Hotel Bonds,, and the Marina Bonds, and placement agent for the Taxable Notes which were issued between August 2006 and September 2007.

19.

Official Statements were issued as disclosure documents for the Hotel Bonds.

20.

The PPM was issued for the Taxable Notes.

21.

The LOM was issued for the Marina Bonds.

22.

On information and belief: the defendant Nuveen High Yield Fund purchased Hotel Bonds, Taxable Notes, and Marina Bonds; Nuveen Municipal purchased Hotel Bonds and Marina Bonds; Nuveen California purchased Hotel Bonds; and, Nuveen Preferred purchased Taxable Notes. Pacific purchased Hotel Bonds.

23.

On information and belief, the developer notified the Nuveen defendants in November of 2008 that it was having difficulty meeting its financial obligations as a result of the decline in the national economy.

24.

As a reaction to this information, the defendants sold some of the bonds and held others.

25.

The defendants herein filed suit against the plaintiffs in this Court on June 7, 2010. The complaint alleged, among other things, that the defendants herein had claims for fraud and securities violations. The allegations arose from the theory that the documents issued in connection with the Hotel Bonds, Taxable Notes, and Marina Bonds were misleading. The

defendants also alleged the plaintiffs intentionally and negligently violated securities laws. It is clear the defendants intended to litigate these alleged claims.

26.

On July 29, 2010 and for reasons unknown, the defendants herein dismissed their suit. A few hours later, the defendants refiled their suit in the Circuit Court of Pulaski County, Arkansas, Case No. 60CV-10-4425-17, thus demonstrating an intent to forum-shop this unresolved claim.

27.

The defendants, therefore, continue to assert that securities laws were violated or that Crews otherwise failed to meet its obligations with regard to the documents produced in connection with the Hotel Bonds, Taxable Notes, and Marina Bonds.

28.

Crews denies that any of its actions constitute grounds for liability under any federal or state securities laws, particularly section 10(b) of the Securities Exchange Act of 1934, or with respect to any of its obligations under the documents associated with the Hotel Bonds, Taxable Notes, and Marina Bonds.

## **DECLARATORY RELIEF**

29.

The Plaintiff repeats and incorporates herein by reference all allegations in the preceding paragraphs of this Complaint.

30.

There is a real and actual controversy between the plaintiff and the defendants.

31.

There is a real and actual controversy whether Crews has any liability under its obligations to the defendants with regard to the documents issued in connection with the Hotel Bonds, the Taxable Notes, and the Marina Bonds.

32.

There is a real and actual controversy whether Crews has any liability under any federal or state securities laws, in particular section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b-5, 17 C.F.R. § 240.10b-5(a)-(c), or any state blue sky law that defendants contend may apply to these transactions.

33.

Crews seeks a declaratory judgment pursuant to, among others, 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57 for the purpose of determining and adjudicating questions of actual controversies between the parties.

34.

Wherefore Plaintiff requests that the Court determine and judge that each and every of the above-stated propositions state the law applicable to the facts involved in this case:

**PRAYER FOR RELIEF**

**WHEREFORE**, Crews prays for judgment for itself as follows:

A. Declaring that Crews has no liability with respect to any obligations under the documents associated with the Hotel Bonds, Taxable Notes, and Marina Bonds;

B. Declaring that Crews has no liability to defendants under federal or state securities laws;

C. Awarding Crews such other and further relief as the Court may deem appropriate.

Respectfully submitted,

/s/ Stephen Engstrom

Stephen Engstrom, Ark. Bar No. 74047
stephen@wecc-law.com
Gary D. Corum, Ark. Bar. No. 82038
gary@wecc-law.com
Nate Coulter, Ark. Bar. No. 85034
nate@wecc-law.com
Shirley Jones, Ark. Bar. No. 90083
shirley@wecc-law.com
    Of
WILSON, ENGSTROM, CORUM & COULTER
200 River Market Avenue, Suite 600
Post Office Box 71
Little Rock, Arkansas 72203
Telephone: (501) 375-6453

AND

Richard C. Stanley, La. Bar. No. 8487
(admitted *pro hac vice*)
rcs@stanleyreuter.com
Jennifer L. Thornton, La. Bar No. 27109
(admitted *pro hac vice*)
jlt@stanleyreuter.com
    Of
STANLEY, REUTER, ROSS, THORNTON
  & ALFORD, LLC
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: (504) 523-1580

Attorneys for Crews & Associates, Inc.