UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CREWS & ASSOCIATES, INC., an Arkansas
Corporation                                                                                      PLAINTIFF

vs.                             Case No. 4:10-CV-1098-GTE/JJV

NUVEEN HIGH YIELD MUNICIPAL BOND FUND,
a series of the Nuveen Municipal Trust, a Massachusetts
business trust, et al.                                                                        DEFENDANTS

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS**

Defendants submit this brief in support of their Motion to Dismiss[1]. This case must be dismissed because the Defendants (i) assert only state-law causes of action against Crews & Associates, Inc. ("Crews"), and thus there is no federal question jurisdiction; (ii) there is a lack of diversity jurisdiction (which had necessitated the dismissal of the Defendants' original federal complaint); (iii) there is a first-filed state court action on these same issues, which requires that this later-filed declaratory judgment action be dismissed; and (iv) declaratory judgment actions are not designed to resolve tort claims of this nature.

**I.     Background and Summary of Argument**

The Nuveen High Yield Municipal Bond Fund, Nuveen Municipal High Income Opportunity Fund, the Nuveen California High Yield Municipal Bond Fund, the Nuveen Preferred Securities Fund (collectively the "Bond Funds") and Pacific Insurance Company filed an action in this Court (Case No. 4:10-cv-548-JLH) on June 7, 2010 asserting state-law claims against Crews & Associates, Inc. ("Crews") and other

---

[1] All exhibits to this Brief are attached to Defendants' Motion to Dismiss and incorporated herein as if fully set forth word for word.

{00251889.DOC; 2}                                           1

defendants for violation of the state securities acts of Illinois, Louisiana and Arkansas[2] and for common law negligent misrepresentation (the "Initial Federal Action").[3] Crews was alleged to have negligently made false and misleading statements of material fact to the Bond Funds and Pacific in connection with their purchase of securities issued to finance a Louisiana real estate development called Carter Plantation.[4] The Bond Funds and Pacific did **not** assert any federal Section 10b [15.U.S.C. § 78j] claims.[5]

The Initial Federal Complaint was based solely on diversity jurisdiction.[6] The Bond Funds are all mutual funds that were formed as Massachusetts business trusts with a principal place of business in Illinois.[7] The Initial Federal Complaint was filed in the name of the business trusts and did not address the domicile of the shareholders or beneficiaries.[8] Pacific Insurance Company is a California insurance company that maintains its principal place of business in California.[9] Crews is an Arkansas corporation

---

[2] Ark. Code Ann. § 23-42-106; La. Rev. Stat. Ann. § 51:714(B); 815 Ill. Comp. Stat. 5/12 and 5/13 (2006).

[3] A copy of that Complaint is Exhibit "1" to the Motion to Dismiss. *See* Ex 1.

[4] *Id.* ¶¶ 191, 198, 206, 215.

[5] *See id.*

[6] *Id.* ¶ 1.

[7] *Id.* ¶¶ 11-17.

[8] *Id.*

[9] *Id.* ¶ 18.

and broker-dealer with a principal place of business in Arkansas.[10] The other individual defendants are all Arkansas or Louisiana residents.[11]

After filing the Initial Federal Action, the Bond Funds and Pacific learned of the United States Third Circuit Court of Appeals's decision in *Emerald Investors Trust v. Gaunt Parsippany Partners*, 492 F.3d 192 (3d Cir. 2007) and the United States Eleventh Circuit Court of Appeals's decision in *Riley v. Merrill Lynch, Pierce, Fenner & Smith*, 292 F.3d 1334 (11th Cir. 2002). In *Emerald* and *Riley*, the Third and Eleventh Circuits held that, when determining the citizenship of a business trust for diversity jurisdiction purposes, courts look to the citizenship of **all** its trustees and **all** its beneficiaries. Under *Emerald* and *Riley*, if just one shareholder (or beneficiary) of the Bond Funds resided in Arkansas when the Initial Federal Action was filed, diversity jurisdiction would not exist. After reviewing *Emerald* and *Riley,* the Bond Funds and Pacific concluded it was highly unlikely that this Court had diversity jurisdiction. Since the Bond Funds and Pacific were only asserting state claims, the decision was made to dismiss the Initial Federal Action pursuant to Federal Rule of Civil Procedure. 41(a)(1) and to re-file the case in state court. The state court action is substantively identical to the Initial Federal Action and was filed on July 29, 2010 in Arkansas state court (the "Pending State Court Action").[12]

---

[10] *Id.* ¶ 19.

[11] *Id.* ¶¶ 21-29.

[12] A copy of the state court Complaint is Exhibit "2" to the Motion to Dismiss. This Court may consider citations to the pending state court action because it is a public record. *Accord Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir.1999). The allegations in the state court compliant may be reviewed in conjunction with the allegations in the federal court Complaint.

One day after the Bond Funds and Pacific had dismissed the Initial Federal Action and filed the Pending State Court Action, Crews filed this civil action on July 30, 2010 seeking a declaratory judgment based on the assertion that the Bond Funds and Pacific do not have viable federal Section 10b securities claims — claims that the Bond Funds and Pacific never even asserted.

As the plaintiff in this action, Crews bears the burden of establishing subject matter jurisdiction. Crews premised subject matter jurisdiction on complete diversity of citizenship and upon a federal question. But it is undisputed that Crews has not even alleged, much less established, that the Bond Funds did not have any shareholders (or beneficiaries) in Arkansas as of July 30, 2010. Therefore, there has been no showing of complete diversity of citizenship.

Crews cannot resort to federal question jurisdiction either. A declaratory judgment action cannot simply ask for an advisory opinion; there must be some justiciable controversy between the parties for which a declaration of rights is sought. Here, the Bond Funds and Pacific already defined the justiciable controversy between them, and none of those claims arises under federal law. The Bond Funds and Pacific are the masters of their claims and cannot be forced to assert Section 10b claims so that Crews can establish federal question jurisdiction. This Court does not have federal question jurisdiction.

Even if this Court were to find that it has diversity jurisdiction, it should nonetheless dismiss the declaratory judgment claim because a declaratory judgment action is not designed to address tort claims of this sort. Further, this case should be

dismissed because the same claims are already pending in state court in a matter that was filed before this declaratory judgment action.

## II.  Argument

### A.  Crews Bears the Burden of Establishing Subject Matter Jurisdiction.

The district courts have original federal question jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331.  The district courts also have original diversity jurisdiction over all civil actions when the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.  28 U.S.C. § 1332.  Diversity jurisdiction turns on two issues: whether there is complete diversity of citizenship between the parties, and whether the amount in controversy exceeds $75,000.  *In re Prempro Prods. Liability Litig.*, 591 F.3d 613, 619-20 (8th Cir. 2010).  Complete diversity of citizenship exists only when no defendant holds citizenship in the same state where any plaintiff holds citizenship.  *Id.*  If, at any time during the course of an action, a court determines that it lacks subject matter jurisdiction, it must dismiss the case.  Fed. R. Civ. Proc. 12(h)(3); *see also Sac & Fox Tribe of the Miss. in Iowa, Election Bd. v. Bureau of Indian Affairs,* 439 F.3d 832, 836 (8th Cir. 2006).  Here, Crews has not established a legitimate, justiciable claim arising under federal law, and it has not established complete diversity of citizenship.  Thus, this declaratory judgment action should be dismissed.

As the plaintiff in this declaratory judgment action, Crews has the burden of establishing subject matter jurisdiction.  *Jones v. Gale*, 470 F.3d 1261, 1265 (8th Cir. 2006).  When jurisdictional allegations are challenged, the plaintiff bears the burden of

establishing diversity jurisdiction by a preponderance of the evidence. *Blakemore v. Mo. Pac. R.R.*, 789 F.2d 616, 618 (8th Cir. 1986). It is not the responsibility of the challenging defendants to prove otherwise. *Sisseton-Wahpeton Oyate v. U.S. Dep't of State*, 659 F. Supp. 2d 1071, 1077 (D.S.D. 2009) (citing *Titus v. Sullivan*, 4 F.3d 590, 593 n. 1 (8th Cir. 1993); *see also Schwartz & Assocs. v. Elite Line, Inc.*, 751 F. Supp. 1366, 1368 (E.D. Mo. 1990) ("Plaintiff, the party seeking to invoke federal jurisdiction, has the burden of establishing that jurisdiction exists, and this burden may not be shifted to the challenging party"). When considering a motion to dismiss under Rule 12(b)(1), the Court must distinguish between a "facial attack" and a "factual attack." *Osborn v. U.S.*, 918 F.2d 724, 729 (8th Cir. 1990). A facial attack restricts the Court to a review of the face of the pleading to determine whether, when viewed in the light most favorable to the plaintiffs, the complaint has alleged a basis of subject matter jurisdiction. *Id.* Here, even when read in the light most favorable to Crews, the Complaint is deficient on its face because Crews has not (and the Bond Funds and Pacific believe Crews cannot) allege that the Bond Funds did not have any shareholders in Arkansas when the Complaint was filed.

      **B.**    **Crews's Complaint Fails to Sufficiently Assert Complete Diversity of Citizenship on its Face.**

Generally, for the purposes of diversity jurisdiction, an unincorporated business association takes the citizenship of all its members. *Chapman v. Barney*, 129 U.S. 677, 681-82, 9 S. Ct. 426, 427-28 (1889). The Supreme Court again addressed this issue in the narrow context of business trusts in *Navarro Savings Association v. Lee*, 446 U.S. 458, 100 S. Ct. 1779 (1980), holding that when a business trust is suing in the name of its trustees, the citizenship of the trust is determined by the citizenship of its trustees. *See*

*id.*, 446 U.S. at 465-66, 100 S. Ct. at 1784.  But in *C.T. Carden v. Arkoma Associates*, 494 U.S. 185, 110 S. Ct. 1015 (1990), a case concerning the citizenship of a limited partnership, the Supreme Court limited *Navarro* to its facts.  The Court noted in dicta that *Navarro* only applied when a business trust was suing in the name of its trustees, and not when the business trust sued in its organized name.  *Id.* at 1019-20.  Subsequently, the citizenship of a business trust suing in its own name had been unclear.  But the Third and Eleventh Circuits addressed this issue in considerable detail in *Emerald Investors Trust v. Gaunt Parsippany Partners*, 492 F.3d 192, 205 (3d Cir. 2007) and *Riley v. Merrill Lynch, Pierce, Fenner & Smith*, 292 F.3d 1334, 1339 (11th Cir. 2002).  Both circuits held that, when the party in question is a business trust, courts must look to the citizenship of **all** beneficial members of the business trust to determine citizenship for diversity purposes. Accordingly, Crews can only establish complete diversity of citizenship by alleging in good faith (and ultimately proving) that the Bond Funds do not have any beneficiaries in Arkansas.  *Emerald*, 492 F.3d at 205.  It is not disputed that Crews failed to allege that the Bond Funds did not have any shareholders (or beneficiaries) in Arkansas when this action was filed.  Compl. ¶¶ 3-5.  In support of a finding of diversity jurisdiction Crews asserts only the following:

> The defendant, Nuveen Municipal High Income Opportunity Fund ("Nuveen Municipal") is a trust and a municipal bond mutual fund organized under Massachusetts law with its principal place of business in Chicago, Illinois.  *Id.* ¶ 3.  The defendant, Nuveen California High Yield Municipal Bond Fund ("Nuveen California") is a series of the Nuveen Multistate Trust II, both of which are organized under Massachusetts law with their principal places of business in Chicago, Illinois.  *Id.* ¶ 4.  The defendant, Nuveen Preferred Securities Fund ("Nuveen Preferred") is a series of the Nuveen Investment Trust V, both of which are organized under Massachusetts law with their principal places of business in Chicago, Illinois.  *Id.* ¶ 5.

There are no allegations regarding the citizenship of the trusts' beneficiaries, and thus Crews has failed to establish diversity jurisdiction in this Court. Therefore, this Court should grant Defendants' Motion to Dismiss and dismiss this suit.

### C. This Court Does Not Have Federal Question Jurisdiction.

The Bond Funds and Pacific recognize that the Declaratory Judgment Act grants federal courts the power to issue declaratory judgments, but there must be a justiciable controversy between the parties:

In a case of **<u>actual controversy within its jurisdiction</u>** . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.28 U.S.C. § 2201(a) (emphasis added). Thus, before a court can decide a declaratory judgment action, it must first determine whether there is an actual controversy and whether the court has jurisdiction over the claims. There is an actual case in controversy because the Bond Funds and Pacific have already asserted negligence-based state law claims against Crews and the other defendants in the Pending State Court Action. But this suit filed by Crews goes beyond the controversy defined between the parties.

Section 2201 does not provide federal question jurisdiction. It simply provides a remedy for disputes already within the realm of federal jurisdiction:

> [T]he operation of the Declaratory Judgment Act is procedural only. Congress enlarged the range of remedies available in federal courts but did not extend their jurisdiction. . . . The Declaratory Judgment Act allowed relief to be given by way of recognizing the plaintiff's right even though no immediate enforcement of it was asked. But the requirements of jurisdiction — the limited subject matters which alone Congress had

authorized the district courts to adjudicate — were not impliedly repealed or modified.

*Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72, 70 S. Ct. 876, 879, 94 L. Ed. 1194 (1950) (citations omitted); *see also Western Cas. & Sur. Co. v. Herman*, 405 F.2d 121, 124 (8th Cir. 1968). A declaratory judgment action is strictly remedial in nature, and it "does not provide an independent basis for federal jurisdiction." *Victor Foods, Inc. v. Crossroads Econ. Dev. of St. Charles County, Inc.*, 977 F.2d 1224, 1227 (8th Cir.1992).

Crews asserts that the Eastern District of Arkansas has federal question jurisdiction over this action pursuant to 15 U.S.C. § 78aa, which grants federal jurisdiction for questions arising under the Securities Exchange Act of 1934. However, the Bond Funds and Pacific did not assert any claim arising under the Securities Exchange Act or any other federal statute. The Bond Funds and Pacific, as plaintiffs in the Initial Federal Action and the Pending State Court Action, are the "masters" of their claims. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). As such, the Bond Funds and Pacific have the power to choose where to bring the suit, whom to bring the suit against, what damages to claim, and under what theory of liability to bring the suit. *See generally id.* Crews cannot bootstrap a Section 10b claim (which it contends has no basis) to a claim under the Declaratory Judgment Act to create federal question jurisdiction. A declaratory judgment action is not a tool to compel potential plaintiffs to litigate their claims at the time and in the forum chosen by the alleged wrongdoers. *Friedman v. Geller*, 925 F. Supp. 611, 613 (E.D. Wis. 1996).

It is well-established that "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal

jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392 (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13, 57 S. Ct. 96, 81 L. Ed. 70 (1936)). The well-pleaded complaint rule "makes the plaintiff the master of his claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* (citing *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S. Ct. 410, 57 L. Ed. 716 (1913)) ("Of course, the party who brings a suit is master to decide what law he will rely upon"); *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 809 n. 6, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced"); *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 282, 38 S. Ct. 237, 62 L. Ed. 713 (1918) ("The plaintiff may by the allegations of his complaint determine the status with respect to the removability of a case")); *see also Giddens v. Hometown Fin. Servs.*, 938 F. Supp. 801, 804 (M.D. Ala.1996) (removal jurisdiction cannot be maintained "simply because a plaintiff ***could*** have asserted a federal claim instead of or in addition to the state claim advanced") (emphasis added). In addition to the wealth of Supreme Court law on the subject, the Eighth Circuit adopted the *Caterpillar* rule in *Central Iowa Power Co-op. v. Midwest Independent Transmission System Operator, Inc.,* 561 F.3d 904, 913 (8th Cir. 2009):

> Because this well-pleaded complaint rule makes the plaintiff the master of the claim, the plaintiff may avoid federal jurisdiction by exclusive reliance on state law. Defendants are not permitted to inject a federal question into an otherwise state-law claim and thereby transform the action into one arising under federal law.

Because the Bond Funds and Pacific, as masters of their claims, relied exclusively on state law and did not assert any federal cause of action, this Court does not have federal

question jurisdiction. Therefore, this Court should grant Defendants' Motion to Dismiss and dismiss this suit.

### D. A Declaratory Judgment Action Should Not be Used to Resolve State Law Based Negligence Claims.

Even if there were complete diversity of citizenship in this case, this Court should still refuse to grant declaratory relief. The Declaratory Judgment Act grants federal courts discretion to make a declaration of rights, but it does not impose a duty to do so. *Alsager v. Dist. Court of Polk County*, 518 F.2d 1160, 1163 (8th Cir. 1975). Whether a district court should entertain an action and grant declaratory relief is within the discretion of the district court, and such judicial discretion must have a sound basis. *California ex rel. Dep't of Water Res. v. Oroville-Wyandotte Irrigation Dist.*, 409 F.2d 532, 535 (9th Cir. 1969).

A declaratory judgment action is not properly used to decide run-of-the-mill negligence claims. *Cunningham Bros., Inc. v. Bail*, 407 F.2d 1165, 1168 (7th Cir. 1969) (quoting *Sun Oil Co. v. Transcon. Gas Pipe Line Corp.*, 108 F. Supp. 280, 282 (E.D. Pa. 1952), *aff'd* (adopting opinion of district court), 203 F.2d 957 (3rd Cir. 1953)). It is inappropriate to use the Declaratory Judgment Act in what would otherwise be a run-of-the-mill negligence action. *Friedman v. Geller*, 925 F. Supp. 611, 613 (W.D. Wis. 1996) (citing *Abor v. Black*, 695 S.W.2d 564 (Tex. 1985)). As the court noted in *Cunningham*, the purpose of the Declaratory Judgment Act is "to avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication without waiting until his adversary should see fit to begin suit, after damage has accrued." *Cunningham*, 407 F.2d at 1168 (citing *E. Edelmann & Co. v. Triple-A Specialty Co.,* 88 F.2d 852, 854 (7th Cir. 1937). The statute is not designed to determine the liability or negligence of a party

based on conduct that has already occurred. *See id.* *Cunningham* noted that to allow the declaratory judgment statute to determine the liability of potential tortfeasors would effectively replace the traditional procedures for adjudicating negligence cases: "To so reverse the roles of the parties would affect more than merely the form of action, but would jeopardize those procedures which the law has traditionally provided to injured parties by which to seek judicial relief." *Id.* Accordingly, the *Cunningham* court held that relief under the Declaratory Judgment Act is inappropriate when more effective relief can be obtained in a traditional procedure. *Id.*

The Bond Funds and Pacific's claims against Crews are state law statutory claims based on traditional negligence principles and common law negligent misrepresentation claims. This is not a situation when the legal rights of the parties need to be determined to reduce the risk of future liability. The legal liability of Crews has already accrued. Thus, there is no benefit to a declaratory judgment action in this case. A declaratory judgment would just complicate the issues by confusing the roles of the parties. Here, as in all simple negligence actions, a traditional lawsuit is the proper dispute resolution method. Even if this Court finds there is diversity jurisdiction, the Complaint should still be dismissed because a declaratory judgment action is not the appropriate means to resolve negligence claims.

      **E.    This Court Should Exercise Its Discretion and Refuse to Issue Declaratory Relief in This Case.**

As noted above, the Eighth Circuit has held that the Declaratory Judgment Act grants federal courts discretion to make a declaration of rights, but it does not impose a duty to do so. *Alsager*, 518 F.2d at 1163 (8th Cir. 1975). Courts consider seven non-exclusive factors when deciding the propriety of a declaratory judgment claim: (1)

whether there is a pending state action in which all the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit would serve the purposes of judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. *Sherwin-Williams Co. v. Holmes County,* 343 F.3d 383, 388 (5th Cir. 2003). Factors 2, 5, and 7 cited above are not relevant to this action. The remaining factors cut in favor of this Court declining to grant a declaratory judgment.

The first factor — whether a similar state action is pending — is derived from *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491, 495, 62 S. Ct. 1173, 1175-76 (1942), in which the Supreme Court held a district court should not exercise its discretion to grant declaratory relief when another suit between the same parties is pending in state court that presents the same issues that are not governed by federal law. *Id.* In such cases, there is a presumption that the entire suit be heard in state court. *Swenson v. T-Mobile USA, Inc.,* 415 F. Supp. 2d 1101, 1105 (S.D. Cal. 2006)*; see also Washington v. Garmire*, 317 F. Supp. 1384, 1388 (S.D. Fla. 1970) (Discretion should be exercised in favor of declining jurisdiction in a suit for a declaratory judgment where the same issue is pending in litigation elsewhere); *Sears Roebuck & Co. v. Zurich Ins. Co.*, 299 F. Supp. 518, 520 (N.D. Ill. 1969) (Declaratory judgment should not be granted to try to interfere

with an action already instituted); and *Bortz v. DeGolyer*, 904 F. Supp. 680, 685 (S.D. Ohio 1995) (Federal courts should refrain from issuing declaratory judgment when action pending in state court addresses the same issues). The rationale underlying these decisions is that "it would be uneconomical as well as vexatious" for the federal court to proceed when a state action is already pending. *Brillhart*, 316 U.S. at 1175-76.

Crews is attempting to circumvent an already pending state court action by filing a complaint seeking a declaratory judgment based on the assertion that the Bond Funds and Pacific cannot state a federal Section 10b claim that never was asserted in the first place. The two actions are substantively identical and clearly fit the *Brillhart* standard. Both actions revolve around the same set of circumstances between the same parties. All the underlying law is identical, except for the facile assertion of a declaratory judgment claim under the guise of a Section 10(b) claim, which the Bond Funds and Pacific have shown to be a non-justiciable claim between the parties, and thus it cannot be considered when analyzing the scope of the two actions. And the Pending State Court Action concerns only state law issues that can be fully resolved in state court. *Brillhart* directs that in such situations, the federal district court must defer to the valid pending state court action.

One purpose of the Declaratory Judgment Act is to avoid multiplicity of suits and the circuity of actions. *Smith v. Transit Cas. Co.*, 281 F. Supp. 661, 670 (E.D. Tex. 1968). The statute is designed to further the principal of judicial economy by reducing the number of necessary lawsuits. Allowing a federal declaratory action to run concurrently with a valid, first-filed, pending state court action undercuts this primary function of the Act. It is inefficient and wasteful to maintain two identical concurrent

actions in both federal and state court, when the first-filed state court action can resolve the dispute in its entirety.  For this reason, the Court should refrain from issuing a declaratory judgment.

Granting a declaratory judgment also would create inequities by depriving the Bond Funds and Pacific of the right to be "masters" of their claims.  As noted throughout this brief, the Bond Funds and Pacific have the right to choose the law and the forum under which to bring suit.  Maintaining this declaratory judgment action would allow Crews, a natural defendant, to dictate the terms of the litigation **after** the Bond Funds and Pacific filed their own suit.  This would effectively extinguish the right of the Bond Funds and Pacific to be the masters of their claims, and would create inequities with respect to the Bond Funds and Pacific's ability to successfully assert their claims on their terms.

Finally, this Court should refuse to allow this declaratory judgment action to proceed because **Crews** is engaging in "forum shopping."  As the Eighth Circuit has noted, declaratory judgment actions may merit a closer look to ensure that the declaratory plaintiff is not forum shopping.  *BASF Corp. v. Symington*, 50 F.3d 555, 558 (8th Cir. 1995) (citing *Northwest Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1007 (8th Cir. 1993)). "A suit for declaratory judgment aimed solely at wrestling the choice of forum from the natural plaintiff will normally be dismissed." *BASF,* 50 F.3d at 558 (citing *Allendale Mut. Ins. Co. v. Bull Data Systems, Inc.*, 10 F.3d 425, 431 (7th Cir. 1994)).

 Crews filed this declaratory judgment action to effectively remove a valid state court action to federal court.  For whatever reason, Crews is attempting to supplant the Bond Funds and Pacific's forum of choice with its own.  This action is clearly "forum

shopping." Crews accuses the Bond Funds and Pacific of "forum shopping." Compl. ¶ 26. But as noted above, after learning of the *Emerald* and *Riley* decisions, the Bond Funds and Pacific dismissed the Initial Federal Action pursuant to Federal Rule of Civil Procedure 41(a)(1) on the good faith belief that their claims lack diversity jurisdiction. As the masters of their claims, the Bond Funds and Pacific have the right to proceed in state court. *Caterpillar*, 482 U.S. at 392. Crews, as the natural defendant, has no such right to choose the forum for the litigation. Any attempt by Crews to dictate the forum of this action is impermissible forum shopping. Therefore, this Court should grant Defendants' Motion to Dismiss and dismiss this suit.

## CONCLUSION

This Court has no jurisdiction over this matter. Crews has not carried its burden to show that there is complete diversity between the parties. Indeed, they likely cannot do so because of the nationwide population of those who are invested in Nuveen's funds.

Nor is there federal question jurisdiction in this case. A declaratory judgment action need not be based on claims already asserted in litigation between the parties, but it does have to arise from a justiciable, actual controversy between the parties. The Bond Funds and Pacific have never asserted federal securities claims in their Initial Federal Action or in their Pending State Court Action. The only actual claims are state law claims. Crews cannot manufacture a non-existent federal controversy to support federal question jurisdiction.

Even if this Court were to find diversity jurisdiction somehow, this Court still should dismiss this suit. The controversy between the parties arises from tort-based

causes of action. Declaratory judgment actions are not suited to resolve fact-dependent tort claims. Such claims are better handled in an ordinary suit.

Finally, federal jurisprudence recognizes that a first-filed ordinary proceeding should halt a later-filed declaratory judgment action that is based on the same issues, as this case presents. For the foregoing reasons and for the reasons set forth in Defendants' Motion to Dismiss, Crews' declaratory judgment action should be dismissed.

    Respectfully Submitted,

    EMERSON POYNTER, L.L.P.

    /s/ Scott E. Poynter
    Scott E. Poynter
    The Museum Center
    500 President Clinton Avenue, Suite 305
    Little Rock, AR 72201
    Telephone: (501) 907-2555
    Fax: (501) 907-2556

    DAVIS & CERIANI, P.C.

    /s/ Michael P. Cillo
    Michael P. Cillo (Petition for Admission To Be Filed)
    Melissa J. Hessler (Petition for Admission To Be Filed)
    1350 Seventeenth Street, Suite 400
    Denver, CO 80202
    Telephone: (303) 534-9000
    Facsimile: (303) 534-4618

    -and-

    SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.

    s/ James M. Garner
    JAMES M. GARNER (E.D. Ark. Bar No. 19589)
    JOHN T. BALHOFF, II (E.D. Ark. Bar No. 24288)
    JENNIFER M. HOFFMAN (E.D. Ark. Bar No. 32503)

909 Poydras Street, Twenty-eighth Floor
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the Plaintiffs' Motion to Dismiss was served by electronic mail through the ECF filing service to the following parties on August 26, 2010.

Stephen Engstrom, Esq.
Gary D. Corum, Esq.
Nate Coulter, Esq.
Shirley Jones, Esq.
Wilson, Engstrom, Corum & Coulter
200 River Market Avenue, Suite 600
Post Office Box 71
Little Rock, Arkansas 72203
stephen@wecc-law.com
gary@wecc-law.com
nate@wecc-law.com
shirley@wecc-law.com

&

Richard C. Stanley, Esq.
Jennifer L. Thornton, Esq.
Stanley, Reuter, Ross, Thornton & Alford, LLC
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
rcs@stanleyreuter.com
jlt@stanleyreuter.com

By: /s/ Scott E. Poynter    .