**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**CREWS & ASSOCIATES, INC.**                                                                           **PLAINTIFF**

v.                              Case No. 4:10cv01098 BSM

**NUVEEN HIGH YIELD MUNICIPAL BOND FUND et al.**               **DEFENDANT**

**ORDER**

Nuveen High Yield Municipal Bond Fund ("Nuveen") moves to dismiss, for lack of subject matter jurisdiction, the complaint for declaratory judgment brought by Crews & Associates ("Crews"). Crews objects, and Nuveen replied. The parties' briefs were throughly researched and well-written, and a hearing was conducted during which both parties vigorously argued their positions. For the reasons set forth below, Nuveen's motion to dismiss is granted in part and denied in part.

I. FACTUAL BACKGROUND

This case involves a dispute over investments in a Louisiana golf community. The details of that transaction, however, are unimportant for this motion to dismiss. It is sufficient to say that the transaction went bad, and on June 7, 2010, Nuveen filed suit in the Eastern District of Arkansas alleging negligence and state law securities claims against Crews, its parent company, its officers, and its directors. *Nuveen High Yeild Municipal Bond Fund et al v. Crews & Associates Inc., et al.*, Case No. 4:10-cv-00548-GTE (E.D. Ark. July 30, 2011).

The case was filed on behalf of a number of mutual funds that were formed as

Massachusetts business trusts with their principal place of business in Illinois and an insurance company based in California. Jurisdiction was predicated solely upon diversity of citizenship pursuant to 28 U.S.C. § 1332. To demonstrate diversity, the complaint relied exclusively on the citizenship of the trustees, who are completely diverse from Crews, an Arkansas Corporation. The complaint did not consider the domicile or the citizenship of the shareholders or beneficiaries of the trust.

After filing the initial federal action, Nuveen learned about the Third Circuit's decision in *Emerald Investors Trust v. Gaunt Parsippany Partners*, 492 F.3d 192 (3d Cir. 2007) and the Eleventh Circuit's decision in *Riley v. Merrill Lynch*, 292 F.3d 1334 (11th Cir. 2002). These decisions hold that, in determining whether there is complete diversity, the citizenship of both the shareholders and beneficiaries of a business trust must be considered. Because Nuveen is almost certain that the trusts have beneficiaries in Arkansas, it dismissed its federal case on July 29, 2010, and re-filed its complaint in Arkansas state court. Fearing forum shopping, Crews filed this declaratory judgment action the next day, advising that this was related to the initially filed federal suit. Nuveen now moves to dismiss.

II. DISCUSSION

This motion presents three issues: (1) whether there is diversity jurisdiction; (2) whether there is federal question jurisdiction; and (3) if there is federal jurisdiction, should supplemental jurisdiction be exercised over the state law claims? For the reasons set forth below, the answers to these questions are: no, yes, and no.

A.       Diversity Jurisdiction

The question presented is whether, for diversity jurisdiction purposes, the citizenship of a business trust is determined solely by the citizenship of its trustees or if it is determined by the citizenship of the beneficiaries as well as the citizenship of the trustees. Nuveen contends that complete diversity does not exist herein because its trusts have beneficiaries that are citizens of the State of Arkansas and Crews is an Arkansas corporation. Crews responds that the citizenship of the trustees, and not the beneficiaries, controls whether there is diversity of citizenship.

Although the Eighth Circuit has not specifically addressed the issue, different circuit courts have come to different conclusions. The Seventh and Ninth Circuits have held that the citizenship of a business trust is determined by the citizenship of the trustees. *Hicklin Engineering L.C. v. Bartell*, 439 F.3d 346, 248 (7th Cir. 2006); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). In an opinion not recommended for publication, the Sixth Circuit came to the same conclusion. *Homefeld II L.L.C. v. Comair Holdings, Inc.*, 53 Fed. Appx. 731, 732 (6th Cir. 2002).

The Eleventh Circuit, on the other hand, has held that the citizenship of a business trust should be determined by all of its members. *Riley v. Merrill Lynch*, 292 F.3d 1334 (11th Cir. 2002). Likewise, the Third Circuit has held that the citizenship of the trust is determined by the citizenship of the trustees only when suit is brought by or against the trustees themselves. *Emerald Investors Trust v. Gaunt Parnsippany Partners*, 492 F.3d 192,

200–201, 205 (3rd Cir. 2007). When the trust sues or is sued, the citizenship of the trust is determined by a combination of both the trustees and the beneficiaries. *Id.*

The confusion on this issue results from the Third and Eleventh Circuits' attempts to reconcile *Navarro Savings Association v. Lee*, 446 U.S. 458 (1980) with *Carden v. Arkoma Associates*, 494 U.S. 185 (1990). In *Navarro*, the Supreme Court held that, in some circumstances, the citizenship of a business trust would turn exclusively on the citizenship of its trustees. A decade later, in *Carden*, the Court held that the citizenship of a limited partnership turned on the citizenship of both the general and limited partners. In that case, the respondent, Arkoma Associates, argued that *Navarro* should apply by analogy, and just as the Court had looked only to the citizenship of the trustees in determining the citizenship of a business trust, it should also look only to the general partners in determining the citizenship of a limited partnership. The Court disagreed and distinguished *Navarro* by noting that "*Navarro* had nothing to do with the citizenship of the 'trust,' since it was a suit by the trustees in their own names." *Id.* at 192–93. This statement hints at two potential conclusions for determining the citizenship of a trust: (1) there may be a distinction between when the trustee sues in his name and when the trust sues in its name, and (2) like a limited partnership, the citizenship of the trust itself may turn on the citizenship of all its members.

In the Eastern District of Arkansas, two recent cases addressing the citizenship of a trust in a diversity case have both relied on the citizenship of the trustee, but both cases did so only after pointing out that the suits were brought by or against the trustees themselves and

that the trustees themselves were the real parties in interest. *Noel v. Liberty Bank of Ark.*, 2010 U.S. Dist. LEXIS 72298 at *9–10 (E.D. Ark. July 16, 2010); *Beech v. Select Portfolio Servicing, Inc.*, 2010 U.S. Dist LEXIS 80555 at *2 (E.D. Ark. July 7, 2010). From these two cases, it appears that the approach taken in the Eastern District of Arkansas is similar to that taken by the Third Circuit: the citizenship of the trustee controls diversity only in situations where the trustee and not the trust is the real party to the suit.

Although it has not directly addressed this issue, Eighth Circuit decisions indicate that this is the proper rule to apply. In *GMAC Commercial Credit L.L.C. v. Dillard Department Stores, Inc.*, the Eight Circuit held that diversity jurisdiction over an unincorporated entity depends on the citizenship of *all* its members, with a corporation being the only exception to this general rule. 357 F.3d 827, 828 (8th Cir. 2004) (citing *Carden*). But the Eighth Circuit has also held subsequent to *Carden* that complete diversity of citizenship is determined by the real parties to the controversy. *Associated Insurance Management Corp. v. Arkansas General Agency*, 149 F.3d 794, 796 (8th Cir. 1998) (citing *Navarro*). Accordingly, it would appear that the correct approach is to determine diversity based on whether the trust or the trustee is the party to the suit. If the business trust itself is the party to the suit, then, as an unincorporated entity, its citizenship is determined by all of its members. If, on the other hand, the trustees sue in their own names and are thus the real parties to the controversy, diversity is determined by their citizenship.

Because Crews has brought its action for declaratory judgment against the Nuveen

Trusts and not against the individual trustees, the citizenship of both the trustees and the beneficiaries determines the citizenship of the trusts for purposes of diversity jurisdiction. Neither party appears to seriously dispute that the Nuveen Trusts have beneficiaries who are citizens of Arkansas. As such, there is not complete diversity among the parties and there is no diversity jurisdiction.

B.   Subject Matter Jurisdiction

Crews's complaint requests a declaratory judgment holding that it has no liability to the defendants under state or federal securities laws. Crews also seeks a declaration that certain state securities laws are preempted by federal law. These requests clearly raise questions of federal law. Nuveen contends that Crews has filed its declaratory judgment action for the sole purpose of invoking federal jurisdiction in a case where there would otherwise be none. Nuveen points out that its own state court complaint was filed the day before Crews filed this case. In that complaint, Nuveen alleged only state law claims and did not seek to recover under federal securities laws.

Crews may not rely exclusively on its contention that state securities laws are preempted by federal law to create jurisdiction. Where the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action, the character of the threatened action, and not the defense, determines whether there is jurisdiction based on a federal question. *Public Service Committee v. Wycoff Co.*, 344 U.S. 237, 248 (1952). Nuveen's state court case asserts only state law securities claims, and

federal preemption is a defense against those claims. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392–93. Crews may not use a declaratory judgment request to litigate in federal court a federal preemption defense that it would normally be required to assert in the state court action.

Crews does not, however, rely exclusively on federal preemption to demonstrate subject matter jurisdiction. Crews also seeks a determination that it is not liable under federal securities laws and asserts that supplemental jurisdiction should be invoked to hear the accompanying state law claims. Nuveen contends that this is simply an end-run around the requirements of federal jurisdiction, pointing out that it has asserted only state law claims and arguing that it should be allowed to proceed on those claims in state court rather than being pulled into federal court by a federal securities claim it is not asserting.

That Nuveen has not asserted a federal securities claim does not prevent Crews from seeking declaratory judgment. *Kidder Peabody & Co. v. Maxus Energy Corp.*, 925 F.2d 556, 562–563 (2nd. Cir. 1991). Declaratory judgment is proper where there is a real and immediate controversy between the parties. *Golden v. Zwickler*, 394 U.S. 103, 108 (1969). A controversy is no longer real or immediate when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Although Nuveen is not currently asserting a federal securities claim against Crews, the parties have not entered into a settlement or judicially binding agreement on the issue. The cause of action is still live and the parties still have a cognizable interest

in the outcome. In *Kidder Peabody*, the Second Circuit affirmed an order from the district court allowing Kidder Peabody to pursue declaratory judgment on federal securities laws under very similar circumstances. 925 F.2d at 562–63. That case is persuasive in both its reasoning and its holding. Because the controversy between the parties is real and immediate, Crews may pursue declaratory judgment on federal securities questions.

C.    Supplemental Jurisdiction over State-Law Claims

Crews argues that the pending state law claims should be heard in federal court based on supplemental jurisdiction. A district court has supplemental jurisdiction over all claims that form part of the same case or controversy as claims over which it has original jurisdiction. 28 U.S.C. § 1367(a). The district court may, however, decline to exercise supplemental jurisdiction over state law claims if they substantially predominate over federal claims or if, in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

Here, the state law claims substantially predominate over the federal claims. Nuveen chose to assert only state law claims in its pending lawsuit, and obviously believes it has the strongest interest in pursuing those claims. The state law issues are likely to be the most numerous, most heavily litigated, and will largely determine the recovery that Nuveen recieves. Indeed, Nuveen appears to be somewhat uncertain about its chances of succeeding on federal claims and would be unlikely to spend much of its time litigating them. This means that most of the litigation would focus on state law issues.

Other reasons also weigh against exercising supplemental jurisdiction over the state law issues. First, this is not a case where one party filed an otherwise removable claim in state court and the other party properly removed. Crews seeks to attach federal jurisdiction over otherwise unremovable state law claims through the use of declaratory judgment. "Of course, the party who brings a suit is master to decide what law he will rely upon." *Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913) (Holmes, J.). As a general rule, Nuveen is free to avoid federal jurisdiction by pressing only state law claims. *Caterpillar, Inc v. Williams*, 482 U.S. 386, 392 (1987). In the interests of fairness, Nuveen should be allowed to assert the claims it chooses in the appropriate forum without having those claims suddenly pulled into federal court as part of an action that seeks declaratory judgment on claims that Nuveen specifically chose not to bring.

Second, Nuveen's state court action was filed before this case and should take priority under the first-filed rule. *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985). Crews argues that the first-filed rule literally means the first to *serve* all the parties, but this is not correct. In truth, the first-filed rule is not intended to be rigid, mechanical, or inflexible in its application and should be applied in the manner that best serves the interests of justice. *North West Airlines v. American Airlines, Inc.*, 989 F.2d 1002, 1005 (8th Cir. 1993). Justice requires treating Nuveen's state court action as the first filed action. Not only was Crews on notice of Nuveen's state court action when it filed suit, but Crews also admits that it specifically filed this declaratory judgment suit in response.

9

Although Crews alleges forum shopping, there is no indication that this is the case. Nuveen explains that it dropped the original federal suit and re-filed in state court because it worried this court lacked subject matter jurisdiction. Based on the contentious issues involved in subject matter jurisdiction disputes, this worry is understandable.

Third, the important interests of federalism and comity weigh against taking the state law claims from the state court. *Candor Corp v. S. Paul*, 912 F.2d 215, 220 (8th Cir. 1990). The state court is well equipped to deal with both state law securities and tort claims. With neither substantial questions of federal law nor diversity jurisdiction, there is no reason to exercise federal jurisdiction. This is especially true because the federal securities claims are likely to be secondary to the state law claims and can be dealt with efficiently on their own, thus leaving the state court to deal with the more substantial questions of state law.

### III. CONCLUSION

Nuveen's motion to dismiss the state law issues and federal preemption defense is GRANTED. The appropriate forum for those claims is the first-filed state court action. Nuveen's motion to dismiss the federal securities law issues is DENIED. Crews is entitled to seek declaratory judgment on those claims in federal court.

IT IS SO ORDERED THIS 29th day of March, 2011.

_____
UNITED STATES DISTRICT JUDGE