UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CREWS & ASSOCIATES, INC., an Arkansas
Corporation                                                                                            PLAINTIFF

vs.                              Case No. 4:10-CV-1098-GTE/JJV

NUVEEN HIGH YIELD MUNICIPAL BOND FUND,
a series of the Nuveen Municipal Trust, a Massachusetts
business trust, et al.                                                                                 DEFENDANTS

DEFENDANTS' MEMORANDUM BRIEF IN SUPPORT OF
F.R.C.P. 12(b)(1) MOTION TO DISMISS

Defendants Nuveen High Yield Municipal Bond Fund, Nuveen Municipal High Income Opportunity Fund, Nuveen California High Yield Bond Fund, Nuveen Preferred Securities Fund and Pacific Specialty Insurance Company (collectively "Nuveen") submit this brief in support of their Motion to Dismiss.

I.     **Background and Summary of Argument**

On June 7, 2010 Nuveen filed suit in the Eastern District of Arkansas asserting only state law claims against Crews & Associates, Inc. ("Crews"). When Nuveen realized it lacked diversity jurisdiction based on the holding in *Emerald Investors Trust v. Gaunt Parsippany Partners*, 492 F.3d 192 (3rd Cir. 2007), it voluntarily dismissed that action and re-filed its complaint (again alleging only state law claims) in Arkansas state court. The next day Crews filed this declaratory judgment action against Nuveen taking the defensive position that Crews has no liability under federal section 10(b), 15 U.S.C § 78j, and SEC Rule 10b-5 promulgated thereunder (hereinafter "Section 10b") and no liability under state law.

Nuveen previously moved to dismiss this action pursuant to F.R.C.P. Rule 12b(1) and (3) on the grounds that the Court lacked subject matter jurisdiction. [Doc. 13]. The Court entered an Order dated March 29, 2011 [Doc. 36] (the "March 2011 Order")

granting in part and denying in part Nuveen's motion to dismiss. The March 2011 Order determined that the Court lacked diversity jurisdiction and that Nuveen is the "master of its claims." The Court declined to take supplemental jurisdiction over Nuveen's state law claims, and so Nuveen is now free to pursue its state law claims in state court. The March 2011 Order also found that Nuveen has not given sufficient indication that it has no intention of pursuing a Section 10b claim against Crews:

> That Nuveen has not asserted a federal securities claim does not prevent Crews from seeking declaratory judgment. *Kidder Peabody & Co. v. Maxus Energy Corp.,* 925 F.2d 556, 562-563 (2nd Cir. 1991). Declaratory judgment is proper where there is a real and immediate controversy between the parties. *Golden v. Zwickler,* 394 U.S. 103, 108 (1969). A controversy is no longer real or immediate when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormach,* 395 U.S. 486, 496 (1969). Although Nuveen is not currently asserting a federal securities claim against Crews, the parties have not entered into a settlement or judicially binding agreement on the issue.

On this basis (and only this basis), the Court did not dismiss Crews' declaratory judgment claim.

Exhibit A to Nuveen's Motion to Dismiss is Nuveen's "Notice of Unconditional Covenant Not to Assert Section 10b Claims," wherein Nuveen confirms that it **<u>unconditionally covenants</u>** not to assert any Section 10b claim against Crews in connection with the events that give rise to Nuveen's state court claims and the subject matter of the declaratory judgment claim asserted against Nuveen by Crews. Because this Court has declined supplemental jurisdiction over the state law claims and Nuveen has now covenanted not to pursue a Section 10b claim, there is no actual controversy within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201 and the Court is now divested of subject-matter jurisdiction over Crews' Declaratory Judgment Action. A

dispute must exist not only at the commencement of the litigation, but must exist *at all stages* of review after the complaint is filed. *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir. 1995), abrogated on other grounds. Dismissal without prejudice is appropriate.

II.    Argument

    A.    **There is no subject matter jurisdiction when there is no "actual case or controversy" between the parties.**

Under the Declaratory Judgment Act, in a case of actual controversy within its jurisdiction, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. 28 U.S.C. § 2201. The Declaratory Judgment Act is not an independent basis for subject matter jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72, 70 S. Ct. 876, 94 L. Ed. 1194 (1950). Rather, it provides a remedy available only if the court has jurisdiction from some other source. *Cat Tech LLC v. TubeMaster, Inc.*, 528 F.3d 871, 879 (Fed. Cir. 2008) (citing *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 240, 57 S. Ct. 461, 81 L. Ed. 617 (1937)). Such jurisdiction is limited by Article III of the Constitution, which restricts federal judicial power to the adjudication of "cases" or "controversies." U.S. Const. art. III, § 2; *Cat Tech LLC*, 528 F.3d at 879. The Declaratory Judgment Act's requirement of "a case of actual controversy" simply affirms this Constitutional requirement, having long been interpreted as referring to any case and controversy that is justiciable under Article III. *See Aetna Life Ins.*, 300 U.S. at 239-40, 57 S. Ct. at 463; *see also MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 126, 127 S. Ct. 764, 771, 166 L. Ed.

2d 604 (2007). Thus, as long as the suit meets the "case of controversy" requirement of Article III, a district court may have jurisdiction over a declaratory judgment action. *Teva Pharmaceuticals USA, Inc. v. Novartis Pharmaceuticals Corp.*, 482 F.3d 1330, 1340 (Fed. Cir. 2007); *see also Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1335 (Fed. Cir. 2008).

The Supreme Court has not articulated a bright-line rule for distinguishing those cases that satisfy the actual controversy requirement from those that do not. Indeed, it has stated that "[t]he difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy." *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273, 61 S. Ct. 510, 512, 85 L. Ed. 826 (1941). Instead of fashioning a precise test, the Supreme Court has required only that the dispute be "'definite and concrete, touching the legal relations of parties having adverse legal interests'; and that it be 'real and substantial' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *MedImmune*, 549 U.S. at 127, 127 S. Ct. at 771 (quoting *Aetna*, 300 U.S. at 240-41). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas.*, 312 U.S. at 273, 61 S. Ct. at 512; *see also Sony Electronics, Inc. v. Guardian Media Technologies, Ltd.*, 497 F.3d 1271, 1283 (Fed. Cir. 2007). Not only must the dispute exist at the commencement of the litigation, the actual

controversy must exist *at all stages* of review and not merely at the time the complaint is filed. *Super Sack*, 57 F.3d at 1058.

      **B.**    **A covenant not to sue serves to remove any "actual case or controversy" and divests the court of subject matter jurisdiction.**

A party defending against a declaratory judgment action can divest the trial court of an "actual case or controversy" and thus subject matter jurisdiction at any time during the litigation by covenanting not to assert a claim. *Super Sack*, 57 F.3d at 1058-60; *see also Furminator, Inc. v. Ontel Products Corp.*, 246 F.R.D. 579, 590 (E.D. Mo. 2007); *MedImmune*, 549 U.S. 118, 127 S. Ct. 764 (2007); *Benetec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007); *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855 (Fed Cir. 1999); *Lifetime Prods., Inc. v. Correll, Inc.*, 323 F. Supp. 2d 1129, 1151 (D. Utah 2004). Nuveen has now unconditionally covenanted not to pursue a Section 10b claim against Crews arising out of the events addressed in Crews' Declaratory Judgment Complaint and Nuveen's complaint in state court. Specifically, Nuveen unconditionally covenants "[it] will not assert any claims arising under Section 10b of the Securities Exchange Act of 1934, 15 USC §78j and SEC Rule 10b-5 promulgated thereunder against Crews & Associates, Inc." *Exhibit A* to Motion to Dismiss. This covenant eliminates as a matter of law the existence of a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment." *Md. Cas.*, 312 U.S. at 273, 61 S.Ct. at 512; *see also Furminator, Inc.*, 246 F.R.D. at 590. Nuveen's covenant removes any reasonable apprehension that Crews will ever face a Section 10b claim arising out of the events addressed in Nuveen's state court complaint and this Declaratory Judgment action. Without an "actual case or controversy" under the Declaratory Judgment Act,

there is no subject matter jurisdiction. *Lifetime Products*, 323 F. Supp. 2d at 1151. Although the divestment of subject matter jurisdiction in a declaratory judgment action upon a defendant covenanting not to sue has arisen, in the past, almost exclusively in patent infringement cases, there is no reason why the logic and law applied in the patent cases should not apply with equal force to Section 10b declaratory judgment actions.

Crews has the burden of proof on this motion to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *see also Santerre v. Agip Petroleum Co.*, 45 F. Supp. 2d 558 (S.D. Tex. 1999). Lack of subject matter jurisdiction, unlike many other objections to the jurisdiction of a particular court, cannot be waived and may be raised **at any time** by a party to an action, or by the court *sua sponte. See* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court **shall** dismiss the action." (emphasis added)); *see also Bueford v. Resolution Trust Corp.*, 991 F.2d 481, 485 (8th Cir. 1993). Although Nuveen previously moved to dismiss this action for lack of subject matter jurisdiction under F.R.C.P. 12(b)(1), it is not prohibited from doing so again because the Rule 12(g)(2) limitations on successive motions do not prohibit successive motions addressing the logic of subject matter jurisdiction. *Norsyn, Inc. v. Desai*, 351 F.3d 825, 830 (8th Cir. 2003); *see also Ballard v. Holinka*, CIV. 09-679PAM/SRN, 2010 WL 573147 (D. Minn. Feb. 12, 2010); Montin *v. Estate of Johnson*, 4:07CV3271, 2009 WL 250048 (D. Neb. Feb. 2, 2009).

## **CONCLUSION**

Nuveen's covenant not to allege Section 10b claims against Crews divests this Court of subject matter jurisdiction over Crews' Declaratory Judgment action. The Court

has already exercised its discretionary power to decline supplemental jurisdiction over Nuveen's state law claims. Crews' Declaratory Judgment action should be dismissed.

Dated this 20th day of April, 2011.

        Respectfully Submitted,

        EMERSON POYNTER, L.L.P.

        **/s/ Scott E. Poynter**_____
Scott E. Poynter
The Museum Center
500 President Clinton Avenue, Suite 305
Little Rock, AR 72201
Telephone: (501) 907-2555
Fax: (501) 907-2556

        DAVIS & CERIANI, P.C.

        **/s/ Michael P. Cillo**_____
Michael P. Cillo (Petition for Admission To Be Filed)
Melissa J. Hessler (Petition for Admission To Be Filed)
1350 Seventeenth Street, Suite 400
Denver, CO 80202
Telephone: (303) 534-9000
Facsimile: (303) 534-4618

        -and-

SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.

**s/ James M. Garner**_____
JAMES M. GARNER (E.D. Ark. Bar No. 19589)
JOHN T. BALHOFF, II (E.D. Ark. Bar No. 24288)
JENNIFER M. HOFFMAN (E.D. Ark. Bar No. 32503)
909 Poydras Street, Twenty-eighth Floor
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the Brief in Support of F.R.C.P. 12(b)(1) Motion to Dismiss was served by electronic mail through the ECF filing service to the following parties on April 20, 2011.

Stephen Engstrom, Esq.
Gary D. Corum, Esq.
Nate Coulter, Esq.
Shirley Jones, Esq.
**Wilson, Engstrom, Corum & Coulter**
200 River Market Avenue, Suite 600
P.O. Box 71
Little Rock, Arkansas 72203
E-mail: shirley@wecc-law.com;
nate@wecc-law.com;
gary@wecc-law.com;
stephen@wecc-law.com


Richard C. Stanley, Esq.
Jennifer L. Thornton, Esq.
**Stanley, Reuter, Ross, Thornton & Alford, LLC**
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
E-mail: rcs@stanleyreuter.com; jlt@stanleyreuter.com


                                       /s/ Anna K. Cillo
                                       Anna K. Cillo