UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CREWS & ASSOCIATES, INC., an Arkansas
Corporation                                                                                                   PLAINTIFF

vs.                                   NO. 4:10-CV-1098-GTE

NUVEEN HIGH YIELD MUNICIPAL BOND FUND,
a series of the Nuveen Municipal Trust, a Massachusetts
business trust, et al.                                                                                     DEFENDANTS

**CREWS & ASSOCIATES, INC.'S MEMORANDUM IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff Crews & Associates, Inc. ("Crews"), through undersigned counsel, respectfully submits this memorandum in opposition to the defendants' motion to dismiss (Rec. Doc. 42). As detailed herein, the motion should be denied because (1) the Court has already determined that there is an actual controversy between the parties regarding whether Crews has violated any federal securities law and (2) the defendants' unilateral "Notice of Unconditional Covenant" does not moot Crews' declaratory judgment action.

**I.      Background**

Crews filed this declaratory judgment action to resolve all allegations made by the defendants, whether under state or federal law, that it committed securities fraud. Although the Court determined in its March 29, 2011 Order that it did not have diversity jurisdiction over Crews' claim for declaratory judgment that it is not liable to Nuveen under state law, the Court did conclude that federal question jurisdiction exists over a live controversy between the parties regarding whether Crews is liable under any federal securities law. Rec. Doc. 36. Since that ruling, Crews has sought leave to amend its complaint to sue the individual Nuveen Trustees in place of the Trusts,

such that there would be no question that diversity exists and the Court would have original jurisdiction over all of Crews' claims. Rec. Doc. 45.

The defendants now seek to moot Crews' motion for leave to amend by having its original complaint dismissed in its entirety based on an "unconditional covenant" not to sue Crews under Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5. Rec. Doc. 41-1. But, under case law this Court has previously relied upon, such a unilateral "covenant" is not sufficient to obtain a dismissal of a federal declaratory judgment action. *See Kidder Peabody & Co. v. Maxus Energy Corp.*, 925 F.2d 556 (2d Cir. 1991). Rather, there must be a settlement or other binding, judicially enforceable agreement between the parties.

## II. The Court cannot dismiss the suit based on the defendants' unilateral "covenant" not to sue.

As the Court recognized in its March 29, 2011 ruling, "[a]lthough Nuveen is not currently asserting a federal securities claim against Crews, *the parties have not entered into a settlement or judicially binding agreement on the issue*." Rec. Doc. 36, at p. 7 (citing *Kidder Peabody*, *supra*) (emphasis added). ***That has not changed***. ***There is no settlement or judicially binding agreement in place***. Nevertheless, the defendants ask the Court to dismiss this action for lack of subject matter jurisdiction by filing a "Notice of Unconditional Covenant Not to Assert Section 10b-Claims." But the court in *Kidder Peabody*, on which this Court relied in its March 29, 2011 Order, rejected a similar unilateral "promise" not to sue under federal securities law. This Court should follow the Second Circuit's lead, as neither the Supreme Court nor the Eighth Circuit has addressed this question.

Specifically, in *Kidder Peabody*, an investment bank (Kidder Peabody), was advised by a former client (Maxus Energy) that it intended to file suit against the bank at the end of a ten-day

2

"stand-still" agreement, arising out of a securities transaction. *Kidder Peabody*, 925 F.2d at 559. On the day the stand-still agreement expired, Maxus Energy filed an action in Texas state court alleging state-law securities, fraud, and negligence claims. A couple of hours later, on the same day, Kidder filed a declaratory judgment action in federal court seeking a declaration that it had not violated sections 10(b) or 14(e) of the Exchange Act. *Id.* Maxus Energy moved to dismiss the declaratory judgment action on grounds similar to those raised by Nuveen herein. In particular, Maxus Energy represented to the federal court that it would never assert any claims against Kidder under sections 10(b) or 14(e) with respect to the transaction at issue. *Id.* at 560. The district court denied the motion to dismiss, finding that it had a live controversy before it, and ultimately declared that Kidder was not liable under the Exchange Act. *Id.* at 562.

The Second Circuit affirmed the district court's ruling, explaining that (1) at all times an actual controversy existed between the parties regarding whether Kidder had violated any laws with respect to the disputed transaction, (2) the real threat of litigation by Maxus Energy provided a proper basis for Kidder to file the declaratory judgment action, and (3) Maxus Energy's representation that it would not assert a federal securities claim did not deprive the district court of jurisdiction over the matter. *Kidder*, 925 F.2d at 562-63. Specifically, the Court explained as follows:

> Where the defendant voluntarily ceases the conduct at issue, however, the declaratory action is not necessarily mooted. Here, Maxus asserted that it would not bring an action grounded in the federal securities laws against Kidder. This is not a case where the parties have entered into a settlement, or where the defendant has "entered into a binding, judicially enforceable agreement." In those situations, the claims inarguably were moot. By contrast, Maxus attempts to unilaterally bar Kidder's claims for declaratory relief simply by representing that it will not bring an action under the federal securities laws.

3

> Without a declaratory judgment, Maxus again could put Kidder to the task of defending against the federal securities claims. A judicial declaration that Maxus is barred from asserting the 1934 Act claims would both settle the matter between these parties once and for all and dispel all uncertainty regarding the liability of Kidder for these claims.

*Id.* at 563.

The district court in *Carlin Equities Corp. v. Offman*, No. Civ.A. 07-359, 2007 WL 2388909 (S.D.N.Y. Aug. 21, 2007), was faced with a similar set of circumstances and also rejected a unilateral "promise" by one party not to sue the other under federal securities law. In that case, a former shareholder (Offman) sold his 31% interest in a brokerage firm (Carlin) in 2005. Approximately one and one-half years after the sale, the firm was acquired by the Royal Bank of Canada. When Offman learned of the acquisition, he questioned Carlin's other owners and related companies about whether he had received adequate disclosure of the negotiations, which he believed had been taking place prior to when he sold his interest. *Id.*

Offman filed suit in New York state court, alleging fraud, breach of fiduciary duty, breach of contract, and federal securities fraud. *Carlin Equities*, 2007 WL 2388909, at *1. Carlin removed the action because of the federal claim, but Offman then voluntarily dismissed the complaint. *Id.* The next day, Carlin filed suit in federal court seeking a declaratory judgment that it was not liable under any law for the transactions at issue. One day later, Offman filed a new suit in state court with all the same claims from his original complaint, minus only the federal securities claim. *Id.* He next sought dismissal of the federal declaratory judgment action for lack of subject matter jurisdiction, based on a sworn declaration in which he pledged "never [to] sue or assert any claim against any of the Carlin Parties for any federal securities violation." *Id.* at 2. The court denied the motion, finding that the case fell squarely under *Kidder Peabody* and that, without a judicially binding settlement

agreement or declaration from the court, Carlin could not be assured that it would not face litigation under federal securities law with respect to Offman's allegations. *Id.* at 3.[1] *See also Household Bank v. JFS Group*, 320 F.3d 1249 (11th Cir. 2003) (reversing district court's dismissal of declaratory judgment action based on finding that the claims were not moot based on the defendants' notice of intention not to file a federal claim because there was no binding, judicially enforceable agreement); *Monroe v. Horwitch*, 820 F. Supp. 682 (D. Conn. 1993) (explaining that, for a declaratory judgment defendant to render a claim as moot, the "defendant must be not only unwilling to pursue the action, but also virtually unable to do so").

Moreover, the case on which Nuveen primarily relies in its brief as authorizing dismissal of this action based on its "covenant," *Super Sack Mfgr. Corp. v. Chase Packing Corp.*, 57 F.3d 1054 (Fed. Cir. 1995), is inapplicable and unpersuasive. First, *Super Sack* is a patent case, and the test applied by the Federal Circuit to determine if there was a live controversy (the "reasonable apprehension of imminent suit" test) was developed by that Circuit specifically for use in declaratory judgment actions requesting a declaration of non-infringement.[2] *See*, *e.g.*, *Teva Pharms. USA, Inc.*

---

[1] Notably, Offman asked the court, in the alternative, to abstain from adjudicating the federal matter under the Supreme Court's opinions in *Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S. Ct. 2137 (1995) and *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 62 S. Ct. 1173 (1942). The court denied the request, finding that the state court could not provide a forum in which all of the disputes between the parties could be litigated because of its exclusive federal jurisdiction over the federal securities law claims. *Carlin Equities*, 2007 WL 2388909, at * 4.

[2] The court in *Super Sack* asked whether the declaratory judgment plaintiff had a "reasonable apprehension of a future infringement suit" after the declaratory judgment defendant promised not to sue for infringement of a patent based on any products being manufactured at the time. *Super Sack*, 57 F.3d at 1056.

*v. Pfizer, Inc.*, 395 F.3d 1324, 1332 (Fed. Cir. 2005) (discussing development of "reasonable apprehension" of suit test in patent cases).[3]

Second, *Super Sack* is no longer good law. Subsequent panels of the Federal Circuit have criticized *Super Sack* and recognized that it was implicitly overruled by the Supreme Court's opinions in later patent infringement cases, namely *MedImmune, Inc. v. Genetech, Inc.*, 127 S. Ct. 764 (2007). *See*, *e.g.*, *Teva Pharmaceuticals USA, Inc. v. Novartis Pharmaceuticals Corp.*, 482 F.3d 1330 (Fed. Cir. 2007) (reversing *Teva Pharms. v. Pfizer*, *supra*, because the court had relied on the *Super Sack* test to determine whether there was a controversy); *Sanddisk Corp. v. STMicrelectronics, Inc.*, 480 F.3d 1372, 1380 (Fed. Cir. 2007) (discussing the implicit overruling of the "reasonable apprehension of suit test" by the Supreme Court's opinion in *MedImmune*); *Benitec Austrialia, Ltd. V. Nucleonics, Inc.*, 495 F.3d 1340 (Fed. Cir. 2007) (noting that, although *Super Sack* had not been expressly overruled, it was generally viewed with disapproval in that Circuit).

Indeed, no cases were located in which the *Super Sack* test and reliance on a unilateral covenant not to sue has been applied in a securities or other type of case. The cases cited by Nuveen are either patent cases, or did not involve such a covenant. The instant action, on the other hand, is on all fours with *Kidder Peabody* and *Carlin Equities*, both of which are securities cases.

---

[3] *Teva Pharms.* was reversed on appeal in light of the Supreme Court's intervening decision in *STMicrelectronics*, discussed *infra* p. 5.

**III.** **Conclusion**

Nuveen cannot obtain a dismissal of this action based on a unilateral promise not to bring a claim under Section 10b of the Securities Exchange Act of 1934. The authority it has cited is not only inapplicable but is not deemed good law within the very circuit that developed it. Accordingly, to moot Crews' federal action, Nuveen must enter into a judicially binding agreement or settlement with Crews. If it does not, Crews is entitled to pursue a declaratory judgment.

For all of these reasons, Nuveen's motion to dismiss should be denied.

                                          Respectfully submitted,

                                          /s/  Gary Corum
                                      Stephen Engstrom, Ark. Bar No. 74047
                                      stephen@wecc-law.com
                                      Gary D. Corum, Ark. Bar. No. 82038
                                      gary@wecc-law.com
                                      Nate Coulter, Ark. Bar. No. 85034
                                      nate@wecc-law.com
                                      Shirley Jones, Ark. Bar. No. 90083
                                      shirley@wecc-law.com
                                      WILSON, ENGSTROM, CORUM & COULTER
                                      200 River Market Avenue, Suite 600
                                      Post Office Box 71
                                      Little Rock, Arkansas 72203
                                      Telephone: (501) 375-6453

                                      AND

                                      Richard C. Stanley, La. Bar. No. 8487
                                      (admitted *pro hac vice*)
                                      rcs@stanleyreuter.com
                                      Jennifer L. Thornton, La. Bar. No. 27109
                                      (admitted *pro hac vice*)
                                      jlt@stanleyreuter.com
                                      STANLEY, REUTER, ROSS, THORNTON
                                        & ALFORD, LLC
                                      909 Poydras Street, Suite 2500
                                      New Orleans, Louisiana  70112
                                      Telephone:  (504) 523-1580

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 4, 2011, a copy of the foregoing Memorandum in Opposition of Defendant's Motion to Dismiss was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

                                               /s/   Gary Corum
                                               Gary Corum