# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**CREWS & ASSOCIATES, INC.**, an Arkansas
Corporation                                                                                   **PLAINTIFF**

vs.                    Case No. 4:10-CV-1098-BSM

**NUVEEN HIGH YIELD MUNICIPAL BOND FUND,**
a series of the Bond Municipal Trust, a Massachusetts
business trust, et al.                                                                      **DEFENDANTS**

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, Nuveen High Yield Municipal Bond Fund, Nuveen Municipal High Income Opportunity Fund, the Nuveen California High Yield Municipal Bond Fund, the Nuveen Preferred Securities Fund (collectively the "Bond Funds") and Pacific Insurance Company ("Pacific"), for their Answer and Affirmative Defenses state and aver as follows:

## ANSWER

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

## JURISDICTION AND VENUE

7. Denied.

8. Denied.

{00300443.DOCX; 1}

9. The Bond Funds and Pacific deny that Plaintiff Crews & Associates, Inc. ("Crews") is entitled to a declaration that it has no liability to the Bond Funds and Pacific under the Securities Exchange Act of 1934. The Bond Funds and Pacific affirmatively aver the Court, in a March 29, 2011 Order, dismissed the state blue sky law claims from this action [Doc. 36]. To the extent any further answer is required, the allegations of paragraph 9 are denied.

10. Paragraph 10 of the Complaint states averments to which no response is required. To the extent any answer is required, the allegations of paragraph 10 are denied.

## FACTS

11. The Bond Funds and Pacific admit the action arises out of a golf course community development project in Livingston Parish, Louisiana. The Bond Funds and Pacific admit the development, known as Carter Plantation, featured a golf course designed by champion golfer David Toms. The Bond Funds and Pacific are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 and, therefore, deny the same. To the extent any further answer is required, the allegations of paragraph 11 are denied.

12. Admitted.

13. Admitted.

14. Admitted.

15. The Bond Funds and Pacific admit that in 2005 the Carter Plantation Community Development District issued $16,770,000 in bonds. The Bond Funds and Pacific admit Crews acted as the underwriter for the 2005 Bonds. The Bond Funds and Pacific are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 and, therefore, deny the same.

16. Denied.

17. Admitted.

18. The Bond Funds and Pacific admit that Crews continued to act as an underwriter for the issuance of the Hotel Bonds and the Marina Bonds and acted as the placement agent for the Taxable Notes. The Bond Funds and Pacific affirmatively aver the Hotel Bonds were issued on August 30, 2006, the Taxable Notes were issued on June 8, 2007, and the Marina Bonds were issued on September 27, 2007. To the extent any further answer is required, the allegations of paragraph 18 are denied.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. The Bond Funds and Pacific admit that in November of 2008 the developer could not meet its financial obligations. The Bond Funds and Pacific affirmatively aver that in October 2008, Brant Enderle ("Enderle"), manager of CP Land, LLC ("CP Land"), owner of CP Golf, LLC ("CP Golf") and day-to-day developer of Carter Plantation, informed the Bond Funds and Pacific that debt service reserve funds would have to be used to meet the November payments on the 2004 and 2005 Bonds and on the Hotel Bonds. The Bond Funds and Pacific affirmatively aver in November 2008, Enderle told the Bond Funds and Pacific that they could not build the hotel with the amounts remaining in the construction fund and were over budget by approximately $2,000,000. The Bond Funds and Pacific affirmatively aver in November 2008, Enderle also notified the Bond Funds and Pacific that, given the financial situation, CP Land could not continue development of Carter Marina. The Bond Funds and Pacific affirmatively

aver Enderle attributed the problems at Carter Plantation to the decline in the national economy. The Bond Funds and Pacific affirmatively aver that Carter Plantation was already facing economic disaster due to the incompetence and dishonesty of CP Land and CP Golf, Enderle and his business partner, Jim Adair, long before the national economic decline caused further economic deterioration at Carter Plantation.  To the extent any further answer is required, the allegations of paragraph 23 are denied.

24.     The Bond Funds and Pacific admit in December 2008 they sold some of the bonds and held others.  The Bond Funds and Pacific affirmatively aver that the Nuveen High Yield Municipal Bond Fund and the Nuveen High Income Opportunity Fund sold the Marina Bonds back to Crews on December 23, 2008 for substantially less than their face value and the Bond Funds and Pacific still own the Hotel Bonds and Taxable Notes.  To the extent any further answer is required, the allegations of paragraph 24 are denied.

25.     The Bond Funds and Pacific admit they initially filed an action in this Court on June 7, 2010 asserting claims against the Crews and others for violation of the state securities acts of Illinois, Louisiana and Arkansas and for negligent misrepresentation.  The Bond Funds and Pacific admit their allegations arose from the theory that the documents issued in connection with the Hotel Bonds, Taxable Notes and Marina Bonds contained materially false and misleading statements.  The Bond Funds and Pacific admit they intend to litigate their claims in their state court action, filed on July 29, 2010 in the Circuit Court of Pulaski County, Arkansas, Case No. 60 cv-10-4425 ("State Court Action").  To the extent any further answer is required, the allegations of paragraph 25 are denied.

26.     The Bond Funds and Pacific deny they dismissed their federal suit for "reasons unknown."  The Bond Funds and Pacific affirmatively aver that after filing the federal action, the

Bond Funds and Pacific became aware of certain Eleventh Circuit and Third Circuit precedent and determined that the federal court lacked diversity jurisdiction and, therefore, the federal court had no subject matter jurisdiction. The Bond Funds and Pacific affirmatively aver that they voluntarily dismissed the federal action pursuant to Federal Rule of Civil Procedure 41(a)(1) on July 29, 2010. The Bond Funds and Pacific admit on July 29, 2010 they re-filed their claims in state court in the Circuit Court of Pulaski County, Arkansas, Case No. 60cv-10-4425. The Bond Funds and Pacific deny their intention was to forum-shop their claims. To the extent any further answer is required, the allegations of paragraph 26 are denied.

27. Admitted.

28. Paragraph 28 of the Complaint states averments to which no response is required. To the extent any answer is required, the allegations of paragraph 28 are denied.

## DECLARATORY RELIEF

29. The Bond Funds and Pacific incorporate all above paragraphs as if fully set forth herein.

30. The Bond Funds and Pacific deny there is a real and actual controversy between the parties with respect any claims arising under Section 10b. The Bond Funds and Pacific affirmatively aver they never, in any action, alleged Crews violated Section 10b. The Bond Funds and Pacific affirmatively aver they have unconditionally covenanted not to assert any claims against Crews arising under Section 10b. [Doc. 41-1]. The Bond Funds and Pacific affirmatively aver there is a real and actual controversy between the Bond Funds, Pacific and Crews with respect to the Bond Funds and Pacific's state securities act claims and negligence claims currently pending against Crews in the State Court Action. To the extent any further answer is required, the allegations of paragraph 30 are denied.

31. The Bond Funds and Pacific incorporate their response to Complaint Paragraph 30 as if set forth fully herein. The Bond Funds and Pacific affirmatively aver there is a real and actual controversy between the Bond Funds, Pacific and Crews currently pending in the State Court Action with respect to whether Crews has any liability under its obligations to the Bond Funds and Pacific with regard to the documents issued in connection with the Hotel Bonds, the Taxable Notes, and the Marina Bonds. To the extent any further answer is required, the allegations of paragraph 31 are denied.

32. The Bond Funds and Pacific incorporate their responses to Complaint Paragraphs 30 and 31 as if set forth fully herein. To the extent any answer is required, the allegations are denied. The Bond Funds and Pacific affirmatively aver there is no actual controversy between the parties arising out of Section 10b. The Bond Funds and Pacific affirmatively aver Crews' claims with respect to the state law claims were dismissed on March 29, 2011 [Doc. 36]. To the extent any further answer is required, the allegations of paragraph 32 are denied.

33. Paragraph 33 of the Complaint states averments to which no response is required. To the extent any answer is required, the allegations of paragraph 33 are denied.

34. Paragraph 34 of the Complaint states averments to which no response is required. To the extent any answer is required, the allegations of paragraph 34 are denied.

**AFFIRMATIVE DEFENSES**

1. Crews is equitably estopped from seeking declaratory relief for claims the Bond Funds or Pacific may have against Crews arising under Section 10b relating to the Hotel Bonds, the Taxable Notes, and the Marina Bonds. The Bond Funds and Pacific have unconditionally covenanted not to assert any claims against Crews arising under Section 10b relating to the Hotel Bonds, the Taxable Notes, and the Marina Bonds [Doc. 41-1].

2. Crews has failed to state a claim upon which relief may be granted under 28 U.S.C. § 2201.

3. No conduct on the part of the Nuveen was the proximate cause of Crews' claim for declaratory relief.

4. Crews' claim for declaratory relief is barred by the doctrine of laches.

**NUVEEN DEMANDS A JURY ON ALL ISSUES SO TRIABLE.**

**PRAYER FOR RELIEF**

WHEREFORE, Nuveen prays for relief as follows:

A. That Crews' claim be denied in its entirety and that Crews take nothing from its complaint;

B. That the Court enter judgment in favor of Nuveen for reasonable costs, expenses and attorneys' fees incurred in this action; and

C. That the Court award Nuveen such other relief as it deems just and proper.

DATED this 27th day of July, 2011.

Respectfully Submitted,

EMERSON POYNTER, L.L.P.

/s/ Scott E. Poynter_____
Scott E. Poynter
The Museum Center
500 President Clinton Avenue, Suite 305
Little Rock, AR 72201
Telephone: (501) 907-2555
Fax: (501) 907-2556

DAVIS & CERIANI, P.C.

/s/ Melissa J. Hessler_____
Michael P. Cillo (Admitted *Pro Hac Vice*)
Melissa J. Hessler (Admitted *Pro Hac Vice*)
1350 Seventeenth Street, Suite 400
Denver, CO 80202

Telephone: (303) 534-9000
Facsimile: (303) 534-4618
    -and-

SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.

*/s/ James M. Garner*_____

JAMES M. GARNER (E.D. Ark. Bar No. 19589)
JOHN T. BALHOFF, II (E.D. Ark. Bar No. 24288)
JENNIFER M. HOFFMAN (E.D. Ark. Bar No. 32503)
909 Poydras Street, Twenty-eighth Floor
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300

Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of **Defendants Answer and Affirmative Defenses** was served by electronic mail through the ECF filing service to the following parties on July 27, 2011.

    Stephen Engstrom, Esq.
    Gary D. Corum, Esq.
    Nate Coulter, Esq.
    Shirley Jones, Esq.
    Wilson, Engstrom, Corum & Coulter
    200 River Market Avenue, Suite 600
    Post Office Box 71
    Little Rock, Arkansas 72203
    stephen@wecc-law.com
    gary@wecc-law.com
    nate@wecc-law.com
    shirley@wecc-law.com

    &

    Richard C. Stanley, Esq.
    Jennifer L. Thornton, Esq.
    Stanley, Reuter, Ross, Thornton & Alford, LLC
    909 Poydras Street, Suite 2500
    New Orleans, Louisiana 70112
    rcs@stanleyreuter.com
    jlt@stanleyreuter.com

    By: */s/Anna K. Cillo*
         Anna K. Cillo