UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**CREWS & ASSOCIATES, INC.,** an Arkansas Corporation        **PLAINTIFF**

vs.        **NO. 4:10-CV-1098-BSM**

**NUVEEN HIGH YIELD MUNICIPAL BOND FUND,**
a series of the Nuveen Municipal Trust, a Massachusetts
business trust, et al.        **DEFENDANTS**

## STIPULATED MOTION TO DISMISS WITHOUT PREJUDICE

Plaintiff Crews & Associates, Inc. ("Crews") and Defendants Nuveen High Yield Municipal Bond Fund, Nuveen Municipal High Income Opportunity Fund, Nuveen California High Yield Bond Fund, Nuveen Preferred Securities Fund and Pacific Specialty Insurance Company (collectively "Nuveen") submit this Stipulated Motion to Dismiss Without Prejudice and state:

1. Crews filed this action on July 30, 2010 (the "Action"), seeking a declaratory judgment that it is not liable under Section 10(b) of the Securities Exchange Act of 1934, 28 U.S.C. § 78j(b) ("Section 10(b)") and Rule 10b-5, 17 C.F.R. § 240.10b-5(a)-(c) ("Rule 10b-5"), or any state blue sky law that Nuveen contends may apply to the offering and sale of the: (a) Louisiana Local Government Environmental Facilities and Community Development Authority Tax-Exempt Revenue Bonds, Series 2006A and Series 2006B ("Hotel Bonds"); (b) Taxable Notes, Carter Plantation Project, Series 2 2007 ("Taxable Notes"); and (c) Carter Marine Community Development District Special Assessment Bonds, Series 2007 ("Marina Bonds").

2. In an Order dated March 29, 2011, the Court declined to exercise jurisdiction over Crews' claim with respect to any state-law claims, including Nuveen's state-law claims against Crews and other parties named as defendants currently pending in the Circuit Court of Pulaski

County, Arkansas, Case No. 60-CV-10-4425 (the "State Court Action"), such that the only controversy pending before it is whether Crews is liable to Nuveen under Section 10(b) and/or Rule 10b-5, with respect to the Hotel Bonds, Taxable Notes, and Marina Bonds.

3. On April 20, 2011, Nuveen filed an unconditional covenant not to assert any claims arising under Section 10b or Rule 10b-5 against Crews or any of its officers, directors, employees, or corporate affiliates (including First Security Bancorp) relating in any way to the offering and sale of the Hotel Bonds, Taxable Notes, and Marina Bonds and, on that same date, moved to dismiss the Action based on the unconditional covenant.

4. An Order dated June 30, 2011, the Court declined to dismiss the Action finding that Nuveen's covenant not to assert any claims under Section 10b or Rule 10b-5 did not represent a judicially binding agreement between the parties.

5. Crews and Nuveen have entered into a Settlement Agreement disposing of Crews' claims against Nuveen in the Action. As such, dismissal under F.R.C.P. 41 is appropriate.

6. In accordance with the Settlement Agreement between them, Crews and Nuveen hereby request that the Court enter an Order dismissing without prejudice all claims asserted by Crews against Nuveen, with Crews and Nuveen to bear their respective attorney fees and costs.

7. This Motion, and the dismissal without prejudice requested herein, is limited to Crews claims against Nuveen in the Action. Crews agrees that Nuveen may proceed on any state-law claims against Crews and the other parties named as defendants in the State Court Action, relating to the Hotel Bonds, Taxable Notes, and Marina Bonds including, but not limited to, the claims which are currently pending in the State Court Action. The dismissal without prejudice of the Action shall not constitute a waiver or release of any kind with respect to the defenses asserted by Crews and the other defendants in the State Court Action to the Nuveen's

state-law claims, including but not limited to the defenses that the claims are preempted by the Supremacy Clause and violate the Commerce Clause.

WHEREFORE, Crews and Nuveen hereby jointly request that the Court enter an Order dismissing without prejudice Crews claims against Nuveen in the above-captioned action. An Order of dismissal without prejudice may be entered upon the filing of this Motion, without further notice by or to either of the Parties.

RESPECTFULLY SUBMITTED, STIPULATED and AGREED TO this 19th day of September, 2011.

/s/ Gary Corum
Stephen Engstrom, Ark. Bar No. 74047
stephen@wecc-law.com
Gary D. Corum, Ark. Bar. No. 82038
gary@wecc-law.com
Nate Coulter, Ark. Bar. No. 85034
nate@wecc-law.com
Shirley Jones, Ark. Bar. No. 90083
shirley@wecc-law.com
WILSON, ENGSTROM, CORUM & COULTER
200 River Market Avenue, Suite 600
Post Office Box 71
Little Rock, Arkansas 72203
Telephone: (501) 375-6453

AND

Richard C. Stanley, La. Bar. No. 8487
(admitted *pro hac vice*)
rcs@stanleyreuter.com
Jennifer L. Thornton, La. Bar. No. 27109
(admitted *pro hac vice*)
jlt@stanleyreuter.com
STANLEY, REUTER, ROSS, THORNTON
 & ALFORD, LLC
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: (504) 523-1580
Attorneys for Crews & Associates, Inc

AND

EMERSON POYNTER, L.L.P.

*/s/ Scott E. Poynter*_____
Scott E. Poynter
The Museum Center
500 President Clinton Avenue, Suite 305
Little Rock, AR 72201
Telephone: (501) 907-2555
Fax: (501) 907-2556

DAVIS & CERIANI, P.C.

*/s/ Melissa J. Hessler*_____
Michael P. Cillo (Admitted *Pro Hac Vice*)
Melissa J. Hessler (Admitted *Pro Hac Vice*)
1350 Seventeenth Street, Suite 400
Denver, CO 80202
Telephone: (303) 534-9000
Facsimile: (303) 534-4618

SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.

*/s/ James M. Garner*_____

JAMES M. GARNER (E.D. Ark. Bar No. 19589)
JOHN T. BALHOFF, II (E.D. Ark. Bar No. 24288)
JENNIFER H. MABRY (E.D. Ark. Bar No. 32503)
909 Poydras Street, Twenty-eighth Floor
New Orleans, Louisiana  70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300

Attorneys for Defendants